UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

PARIS LEE JENKINS,

        Plaintiff,                       Case No. 1:20-cv-500

v.                                          Honorable Paul L. Maloney

UNKNOWN SMITH et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

**I.**        **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The events about which he complains, however, occurred at the Ionia Correctional Facility (ICF)

in Ionia, Ionia County, Michigan. Plaintiff sues Warden Unknown Smith, Corrections Officers Unknown Gorman, Unknown DeBoer, Unknown Carlise, Unknown Wallace, Unknown Merren, Unknown Sheldon, Unknown Sanborn, Unknown Descrochers, Unknown Doane, Unknown Odununga, and Unknown Gardisher. Plaintiff also sues Nurses Unknown Lake, Unknown Meeker, and Unknown Doolittle.

Plaintiff alleges Plaintiff alleges that in mid-October of 2016, he was assaulted by inmate Bass #652470 while he was working in the kitchen. Plaintiff suffered a broken jaw as a result of the assault. Plaintiff informed Defendants Gorman, DeBoer, Sanborn, Carlise, Gardisher, Sheldon, and Odunuga, and non-defendant Corrections Officers Haynes, Johnson, Gardnier and Wilson, that he had been assaulted and that his jaw was swollen shut. Plaintiff states that he could barely talk, eat, or sleep. Around the same time, Plaintiff repeatedly told Defendants Lake and Meeker that he had been assaulted and required medical care. Defendants Lake and Meeker gave him ibuprofen on a couple of occasions. However, Defendants Lake and Meeker told Plaintiff that Corrections Officers had said he was faking and not to pay attention to him. Defendant Corrections Officers threatened to write a fighting misconduct on Plaintiff if he did not stop complaining. Plaintiff states that they knew he was due to have his security level reduced and was afraid of getting a ticket. Plaintiff states that he went three weeks without getting any medical assistance.

On January 2, 2017, Plaintiff received a form stating that he had quit his kitchen work detail. Plaintiff claims that Defendants Gorman and Carlise lied about him quitting his job in order to retaliate against him for filing a grievance regarding the delay in medical treatment for his broken jaw. On the same date, Defendant DeBoer, Merren, and Sheldon allowed inmate Bass to take a shower on Plaintiff's wing. That night, inmate Bass punched Plaintiff, which knocked him out and left him unconscious. Plaintiff later discovered that Defendants DeBoer, Gorman,

2

Odununga, Sanborn, Merren, Sheldon, and non-Defendant Haynes had told inmate Bass to make Plaintiff's life miserable as long as Plaintiff kept filing grievances.

While Plaintiff was housed in protective custody on January 2, 2017, Defendant Wallace refused to get Plaintiff his pain medication for his jaw and told him to just deal with it. Plaintiff was recovering from surgery on his jaw at this point. Plaintiff never received his property or his pain medication. Defendant Doolittle lied and said that Plaintiff did not have any medication for pain. On January 3, 2017, Defendant DeBoer told Plaintiff that he could not run and should have stayed in protective custody because moving to Unit 3 would make it easier for STG guys to get to him. On January 4, 2017, Plaintiff was assaulted by inmate Sutton while he was in the shower. During the assault, Defendant Doane sat by and allowed Sutton to run into the shower and attack him. Defendant Doane subsequently told Defendant Descrochers that Plaintiff had not done anything, but then Defendants Doane and Descrochers said that as long as Plaintiff kept writing grievances, they would not help him. Plaintiff was given a ticket for fighting with inmate Sutton. Plaintiff claims that inmate Sutton later told him that Defendant DeBoer promised to look out for him if he beat Plaintiff up, and that Assistant Resident Unit Manager Haynes and Defendant Smith moved Plaintiff to the "gang unit" so that they could scare Plaintiff and have him beaten up.

On January 12, 2017, Plaintiff was released from segregation and was returned to the unit where he had been assaulted by inmate Bass. Approximately two or three weeks later, Plaintiff was assaulted by an unnamed inmate. Following the assault, Corrections Officer Gardnier told Plaintiff that if he did not stop writing grievances, he would continue to be assaulted and would not receive medical assistance. During the entire four months, Plaintiff wrote countless kites to Defendant Smith. Plaintiff never received any help.

Plaintiff appears to be asserting claims under the First and Eighth Amendments. Plaintiff seeks compensatory and punitive damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

4

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III.     Statute of limitations

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[1]

Plaintiff's complaint is untimely. He asserts claims arising in October of 2016, through January of 2017. Plaintiff had reason to know of the "harms" done to him at the time they occurred. Hence, his claims accrued in 2017. Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* Mich. Comp. Laws § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors*

---

[1] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. §1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

*Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

The statute of limitations is tolled for the period during which a plaintiff's available state administrative remedies were being exhausted. *See Brown v. Morgan*, 209 F.3d 595, 596-97 (6th Cir. 2000).

> The Prison Litigation Reform Act amended 42 U.S.C. § 1997e to provide: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (1999). This language unambiguously requires exhaustion as a mandatory threshold requirement in prison litigation. Prisoners are therefore prevented from bringing suit in federal court for the period of time required to exhaust "such administrative remedies as are available." For this reason, the statute of limitations which applied to Brown's civil rights action was tolled for the period during which his available state remedies were being exhausted. *See Harris v. Hegmann*, 198 F.3d 153, 157-59 (5th Cir. 1999) (per curiam); *Cooper v. Nielson*, 194 F.3d 1316, 1999 WL 719514 (9th Cir. 1999).

*Id.* at 596.

Plaintiff attaches copies of his grievances and grievance responses to his complaint. (ECF No. 1-1.) Plaintiff's step III grievance appeal was responded to by Richard D. Russell on May 26, 2017. Therefore, the statute of limitations began running on May 26, 2017, and expired on May 26, 2020. However, he did not file his complaint until June 3, 2020, past Michigan's three-year limit.

Because Plaintiff's claims are barred by the statute of limitations, it is properly dismissed for failure to state a claim. "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (holding that if, on the face of a complaint, the allegations show that relief is barred by an affirmative defense (lack of exhaustion), the complaint is subject to dismissal for

failure to state a claim) (citing *Jones*, 549 U.S. at 215); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (when a complaint on its face is barred by the statute of limitations, it fails to state a claim).

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   June 25, 2020                          /s/ Paul L. Maloney
                                                Paul L. Maloney
                                                United States District Judge

7